UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NOCOMIE TOMIA MOORE,<br><br>Plaintiff,<br><br>v.<br><br>6 COUNTY OFFICERS, et al,<br><br>Defendants. | NO. 2:22-CV-0256-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT AND GRANTING PLAINTIFF'S LEAVE TO AMEND |

BEFORE THE COURT IS Defendant's Motion to Dismiss (ECF No. 29) and Plaintiff's Motion for Leave to Amend (ECF No. 42). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 29) is DENIED as moot and Plaintiff's Motion for Leave to Amend (ECF No. 42) is GRANTED in part.

## BACKGROUND

This case concerns alleged battery and denial of medical treatment while Plaintiff was incarcerated in the Spokane County Jail in 2019. ECF No. 13 at 8.

ORDER DENYING DEFENDANT'S MOTION TO DIMISS AS MOOT AND GRANTING PLAINTIFF'S LEAVE TO AMEND ~ 1

Plaintiff alleges that in August 2019 she was assaulted and battered by six county officers in the correctional facility's shower area.  ECF No. 13 at 8, 11.  She contends that one female and five or six male officers beat her, slammed her into the wall, and hit her in the throat.  *Id*. at 8.  After this altercation, Plaintiff asserts she was denied access to medical treatment for months while in immense pain, and that she continued to be denied access to medical treatment after she fractured her hip in October 2019.  *Id*. at 8-10.

Plaintiff filed her initial complaint with the Court *pro se* and *in forma pauperis* on October 31, 2022.  ECF No. 7.  The Court initially dismissed the complaint with leave to amend, and Plaintiff filed her First Amended Complaint ("FAC") *pro se* on January 31, 2023.  ECF No. 11.  In her FAC, Plaintiff named Spokane County Jail, NaphCare, Inc. ("NaphCare"), two NaphCare Nurses, and 6 County Officers as defendants.  ECF No. 11 at 1, 3.  The FAC alleged that Plaintiff was assaulted by correctional officers, denied medical care, and discriminated against based on her race, sexual orientation, and disability while she was a pretrial detainee at the Spokane County Jail, setting forth claims of negligence, Americans with Disabilities Act ("ADA")  and Rehabilitation Act ("RA") violations, and Fourteenth Amendment violations including is treatment as a pretrial detainee, inadequate medical treatment, equal protection, and due process violations.  ECF No. 11 at 8-9.  Subsequently, the Court dismissed all defendants for failure to state

a claim except the 6 County Officers but noted that Plaintiff had an opportunity to seek leave to amend. ECF No. 12 at 23.

Plaintiff then filed her Second Amended Complaint ("SAC"), in which she named the Spokane County Jail, 6 County Officers, Unknown County Official, John Doe 2, NaphCare, and NaphCare's employees Jane Doe 1 and Jane Doe 2. ECF No. 13 at 4-5. Plaintiff again alleged that she was assaulted by correctional officers, denied medical care, and discriminated against based on her race, sexual orientation, and disability while she was a pretrial detainee at the Spokane County Jail. ECF No. 13 at 8-9. The Court found that Plaintiff had plausibly stated a Fourteenth Amendment claim against 6 County Officers with respect to her allegations of excessive use of force, due process violations, and equal protection violation as well as a claim for intentional infliction of emotional distress. ECF No. 14 at 5. Additionally, the Court found that Plaintiff had stated a plausible claim against NaphCare and employees Jane Doe 1 and Jane Doe 2 for Fourteenth Amendment claims of inadequate medical treatment and equal protection violations by Jane Doe 1 and Jane Doe 2. ECF No. 14 at 5. The Court dismissed defendants Spokane County Jail, Unknown County Official, John Doe 2, and dismissed Plaintiff's claim for negligence or violation of the ADA or the RA. The Court subsequently ordered that NaphCare be served with process and required that Plaintiff attempt to discover all other remaining defendants identities through

subpoena of Spokane County Detention Services and though NaphCare. ECF No. 14 at 11-12.

On June 6, 2023, Plaintiff moved for the appointment of counsel. ECF No. 19. Shortly thereafter, Defendant NaphCare moved to dismiss for failure to state a claim on June 12, 2023. ECF No. 21. Pro bono counsel was subsequently appointed on behalf of Plaintiff on July 31, 2023. ECF No. 28. Counsel was then terminated, and new pro bono counsel was appointed on August 17, 2023. ECF No. 33. After seeking several extensions of time to respond to Defendant's Motion to Dismiss, Plaintiff now seeks leave to amend and dismiss Plaintiff's Motion to Dismiss as moot. ECF Nos. 42 and 43.

In her proposed Third Amended Complaint ("TAC"), Plaintiff appears to include Spokane County as a defendant through its operation of the Spokane County Jail. ECF No. 42-1 at 8, ¶ 4. She also names Spokane County Jail correctional officers Jane Roe 1, Jane Roe 2, John Roe 1, John Roe 2, John Roe 3, and John Roe 4. ECF No. 42-1 at 6, ¶¶ 13-18. In addition, she names NaphCare as a corporation as well as two employees, Jane Doe 1 and Jane Doe 2. ECF No. 42-1 at 4 ¶ 8, 5 at ¶¶ 11, 12. In addition to her 42 U.S.C. § 1983 claim for Eighth and Fourteenth Amendment violations, Plaintiff's TAC asserts the state law claims of RCW 7.70 and negligence against NaphCare and its two employees, as well as Spokane County and the individual correctional officers. Id. at 18, ¶¶ 4, 20.

ORDER DENYING DEFENDANT'S MOTION TO DIMISS AS MOOT AND GRANTING PLAINTIFF'S LEAVE TO AMEND ~ 4

## DISCUSSION

Amendment of pleadings is governed by Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), a plaintiff seeking to amend its complaint after an answer has been filed must obtain either the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(2). Under Rule 15(a), leave to amend a party's pleading "should [be] freely give[n] ... when justice so requires," because the purpose of the rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). In deciding whether to grant leave, Courts consider several factors, including (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; (5) and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

Here there is no suggestion of Plaintiff's bad faith in seeking a third amendment. Nor is there evidence that amendment would be futile. On the contrary, up until this August, Plaintiff has appeared before the Court *pro se* while incarcerated. Additionally, Defendant does not argue that granting leave to amend would cause prejudice. ECF No. 45. Allowing Plaintiff an amendment now that she is represented by counsel would be in the interest of justice to further clarify the claims she is alleging. ECF No. 42 at 3.

Likewise, amendment would not cause undue delay.  While there has been delay in answering Defendant's June 12, 2023 Motion to Dismiss, parties in this matter have not yet engaged in a Rule 26(f) conference.  While amendment would cause delay, it would not cause undue delay.  Thus, this factor weighs neutrally in deciding whether to grant leave to amend.

Plaintiff has previously amended twice as a *pro se* litigant.  ECF Nos. 11 and 13.  As such, a third amendment weighs against granting leave to amend.

Taken as a whole, and in the interest of justice, three factors weigh for granting leave to amend, one neutrally, and one against.  Therefore, Plaintiff is granted leave to amend, and Defendant's Motion to Dismiss is rendered moot as it is based on Plaintiff's Second Amended Complaint.[1]  *See Ramirez v. Cnty. of San*

---

[1] The Court takes notice of a footnote in Defendant's Response to the Motion to Dismiss as Moot (ECF No. 46 at 1), and agrees that the specific quote, "that the court should rule on a motion for leave to amend a complaint before deciding a motion to dismiss that same complaint because allowing leave to amend renders the motion to dismiss moot" which appears in Plaintiff's motion (ECF No. 43 at 2) does not appear in *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952 (8th Cir. 2002).  However, the general idea that an amended complaint supersedes the original complaint, and therefore renders a motion to dismiss moot, does.  "[I]n

*Bernardino,* 806 F.3d 1002, 1008 (9th Cir. 2015); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992) (amended pleading supersedes the original pleading); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir.1990) ("[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

I. **Claims asserted under Washington State's Tort Claim Form, RCW 4.96.020**

However, Defendants assert that allowing Plaintiff to rely on use of the Washington State standard tort claim form under Wash. Rev. Code 4.96.020 would denying Pure Country's motion to amend the complaint, the district court did not exercise any discretion based upon the interests of justice. Instead, the district court ignored Pure Country's motion to amend, granted Sigma Chi's motion to dismiss the original complaint, and then denied Pure Country's motion to amend the complaint as moot. That approach, as a procedural matter, was plainly erroneous. If anything, Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint." *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002). The Court cautions plaintiff to exercise care with quotation but does not find any breach of candor toward the tribunal.

ORDER DENYING DEFENDANT'S MOTION TO DIMISS AS MOOT AND GRANTING PLAINTIFF'S LEAVE TO AMEND ~ 7

render her amendment futile. ECF No. 45 at 5-8. The Court agrees. RCW 4.96.020 requires that a plaintiff seeking damages from a governmental entity or its employees arising from tortious conduct to file a tort claim form with the appropriate governing body and then wait sixty days *before* filing a claim. RCW 4.96.020(4).

As a preliminary matter, RCW 4.96.020 is only applicable to tort claims asserted against the State of Washington, its agencies, and employees in an official capacity. RCW 4.96.020(2). Plaintiff's federal 18 U.S.C § 1983 claim, as well as claims against NaphCare and its employees do not require use of the tort claim form.

In her TAC, Plaintiff alleges state law causes of action against Spokane County, as well as its employees. ECF No. 42-1 at 18. In bringing these claims in her motion for leave to amend, Plaintiff indicates that she intends to file a tort claim form, and requests the Court stay proceeding for ninety days in order to engaged in the type of investigative and settlement process that RCW 4.96.020 is intended to elicit. ECF No. 42-1 at 9, ¶ 23, and ECF No. 42 at 3. Defendant opposes such a stay. ECF No. 45 at 4-5. Considering that Plaintiff has already filed her complaint, the use of the tort claim form and sixty-day waiting period would be statutorily improper, and as such a ninety-day stay is likewise unnecessary.

However, under the Washington notice statute, claims for damages must "be presented to an agent within the applicable period of limitations" and are "deemed presented when the claim form is delivered" to the agent. RCW 4.96.020(2). Although this statute is liberally construed, it requires claims for damages to be presented on the standard tort claim form or an alternative form created by the local government entity. RCW 4.96.020(3), (5). The tort claim must contain, among other information, a description of the injury, a list of the names of all persons involved, and a statement of the amount of damages claimed. RCW 4.96.020(3). When a party does not make use of the tort claims form, a court may look to whether a complaint falls into "substantial compliance," which puts the government entity on notice of the forthcoming lawsuit without serving as a "gotcha." *Bell v. City of Tukwila*, No. C10-379Z, 2011 WL 1045586, at *1 (W.D. Wash. Mar. 21, 2011). Substantial compliance means (1) a bona fide attempt to comply with the statute and (2) notice that actually accomplishes its purpose. *Renner v. City of Marysville*, 168 Wash. 2d 540, 545 (2010); *see also Est. of Shafer v. City of Spokane*, No. 2:22-CV-0220-TOR, 2023 WL 3211834, at *2 (E.D. Wash. May 2, 2023) (finding substantial compliance where a plaintiff filed a claim with the City of Spokane for damages after an alleged wrongful shooting detailing damages because a bona fide attempt to meet the requirements of RCW 4.96.020 was made).

ORDER DENYING DEFENDANT'S MOTION TO DIMISS AS MOOT AND GRANTING PLAINTIFF'S LEAVE TO AMEND ~ 9

The record before the Court does not indicate that Plaintiff initially filed a standard form with Spokane County. However, Plaintiff did file a complaint with Spokane County Sheriff's Office on May 26, 2022, which included, to her knowledge at the time, a recitation of the events, the people involved, and a general discussion of what she suffered in damages. ECF No.11 at 11-13. Additionally, Plaintiff indicated in her FAC that she sent a letter to Spokane County officials and "jail officials" requesting to settle the claim but received no response. ECF No. 11 at 7, ECF No. 13 at 17-18. In light of the goal of RCW 4.96.020 in providing notice to government entities, while construing that goal liberally as Plaintiff was proceeding *pro se* while incarcerated, the Court finds that the complaint lodged with the Spokane County Sheriff and the letter sent to County officials may serve as a substitution for RCW 4.96.020 notice, thereby placing Spokane County on notice of the forthcoming complaint. The Court finds that an attempt was made to comply with the statute, and on this record and at this time claims made against Spokane County and its employees may proceed in Plaintiff's Third Amended Complaint.

//

//

//

//

ORDER DENYING DEFENDANT'S MOTION TO DIMISS AS MOOT AND GRANTING PLAINTIFF'S LEAVE TO AMEND ~ 10

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Leave to Amend (ECF No. 42) is **GRANTED** in part. Plaintiff shall file a Third Amended Complaint **within thirty (30) days** of the date of this Order, consistent with the instructions set forth above.

2. Plaintiff's Motion to Dismiss as Moot Defendant's Motion to Dismiss (ECF No. 43) is **GRANTED**.

3. Defendant's Motion to Dismiss (ECF No. 21) is **DENIED AS MOOT** with leave to renew.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED October 20, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO DIMISS AS MOOT AND GRANTING PLAINTIFF'S LEAVE TO AMEND ~ 11